James **SANTINO** and Yvonne Santino, his wife, Plaintiffs,

v.

**LIBERIAN DISTANCE TRANSPORTS, INC., a Liberian Corporation, Defendant,**

Seattle Stevedore Co. and Liberty Mutual Insurance Company, Intervenors.

No. 524–73C2.

United States District Court, W. D. Washington, at Seattle.

June 2, 1975.

Harold F. Vhugen, Levinson, Friedman, Vhugen, Duggan & Bland, Seattle, Wash., for plaintiffs.

Richard W. Buchanan, Howard, Le Gros, Buchanan & Paul, Seattle, Wash., for defendant.

Paul C. Gibbs, Williams, Lanza, Kastner & Gibbs, Seattle, Wash., for intervenors.

## ORDER RELATIVE TO MOTIONS TO STRIKE AFFIRMATIVE DEFENSES

VOORHEES, District Judge.

By amended complaint defendant has raised various affirmative defenses to plaintiffs' claim. In its memorandum in opposition to the motions of plaintiffs and intervenors to strike certain of the affirmative defenses, defendant voluntarily withdrew the pro rata (Murray Credit) and pro tanto defenses set forth in subparagraphs 10(b)(1) and (2) of its amended answer. It continues to assert as an affirmative defense the concurrent negligence of Seattle Stevedore Co. That affirmative defense is set forth in defendant's answer in these words:

> "10. In the event any injury of which plaintiff complains is found to have been contributed to by concurrent negligence chargeable to defendant and intervener, Seattle Stevedore Co., then defendant alleges as an alternate affirmative defense:
>
> "(a) that plaintiffs' recovery from defendant may not exceed the percentage by which defendant's negligence is proven to have contributed to plaintiffs' injury."

The Court has carefully considered the comprehensive memoranda filed by counsel. Although defendant's counsel has presented strong and persuasive arguments that a negligent shipowner should not in fairness be taxed with all of the damages sustained by an injured longshoreman if those damages were caused in part by the negligence of his stevedore employer, the Court nevertheless feels compelled to grant plaintiffs' motion.

The precise issue involved in plaintiffs' motion to strike was considered by a panel of three District Court Judges of the Eastern District of Pennsylvania, which was assembled for the purpose of trying to insure uniformity of treatment in that district of actions involving the

issue before this Court. The decision of that panel is reported in *Lucas v. "Brinknes" Schiffahrts Ges.*, 379 F. Supp. 759 (E.D.Pa.1974). This Court is persuaded that the *Lucas* court was correct in its conclusion that the recovery of an injured longshoreman against a negligent shipowner is not to be reduced by the negligence of his own stevedore employer.

On its face it seems inequitable for a shipowner to be liable to an injured longshoreman for all of the latter's damages if the negligence of the shipowner was not the sole proximate cause of the injuries but rather concurred with the negligence of the stevedore employer. Particularly would this be true if the fault of the stevedore employer were much greater than that of the shipowner. Nevertheless, since the Longshoremen's and Harbor Workers' Act is a creature of Congress, it would in this Court's opinion be better for Congress to effect the elimination of any inequity than to have the various District Courts seek to remove that inequity by means which would unavoidably vary from district to district.

Permitting a shipowner to plead the negligence of the stevedore as an affirmative defense would not eliminate inequity. It would simply shift the inequity from shipowner to injured longshoreman. He would be restricted in his recovery as against the shipowner without acquiring any offsetting rights under the Act as against his stevedore employer.

It would appear to this Court that a scheme might be devised to take care of the longshoreman who is injured by the concurring negligence of a shipowner and his own stevedore employer. Such a scheme could provide that an injured longshoreman might recover as against the negligent shipowner that percentage of his total damages which the shipowner's fault bore to the total fault and that he might in addition recover under the Act that percentage of his statutory benefits which the fault of his stevedore employer bore to the total fault. As against the negligent shipowner, the contributory negligence, if any, of the injured longshoreman would be taken into account. With respect to his benefits under the Act, the contributory negligence, if any, of the injured longshoreman would have no effect.

The Supreme Court made it abundantly clear, however, in *Halcyon Lines v. Haenn Ship Ceiling & Refitting Corporation*, 342 U.S. 282, 72 S.Ct. 277, 96 L. Ed. 318 (1952) that it was for Congress and not for the courts to work out solutions for problems of alleged inequity. In that case the Court stated at 342 U.S. 286, 72 S.Ct. 280:

"We think that legislative consideration and action can best bring about a fair accommodation of the diverse but related interests of these groups. The legislative process is peculiarly adapted to determine which of the many possible solutions to this problem would be most beneficial in the long run. A legislative inquiry might show that neither carriers, shippers, employees, nor casualty insurance companies desire such a change to be made. The record before us is silent as to the wishes of employees, carriers, and shippers; it only shows that the Halcyon Line is in favor of such a change in order to relieve itself of a part of its burden in this particular lawsuit. Apparently insurance companies are opposed to such a change. Should a legislative inquiry convince Congress that a right to contribution among joint tortfeasors is desirable, there would still be much doubt as to whether application of the rule or the amount of contribution should be limited by the Harbor Workers' Act, or should be based on an equal division of damages, or should be relatively apportioned in accordance with the degree of fault of the parties."

We believe that this language of the Supreme Court is controlling with respect to the issue before this Court and

**36**

that in the absence of a scheme of apportionment established by Congress, a longshoreman injured by the concurring negligence of a shipowner and of his stevedore employer can recover the total of his damages from the shipowner.

By its answer to petitioner's petition in intervention, defendant has pleaded the contributory negligence of the stevedore as an affirmative defense to that petition. Because the lien of the stevedore and its compensation carrier may be an equitable one, the Court is not at the present time prepared to strike defendant's affirmative defense. If the jury returns a verdict for plaintiff, the Court will hear further argument from all parties as to whether the Court should recognize and enforce a lien by the stevedore upon plaintiff's recovery. The Court observes, however, that in *Pope & Talbot, Inc. v. Hawn and Haenn Ship Ceiling & Refitting Corporation,* 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (1953), the shipowner claimed, as here, that the judgment of an injured harbor worker against it should be reduced by the payments made to him under the Act. In denying such a credit, the Supreme Court said at 346 U.S. 412, 74 S. Ct. 206:

> "A weakness in this ingenious argument is that § 33 of the Act has specific provisions to permit an employer to recoup his compensation payments out of any recovery from a third person negligently causing such injuries. Pope & Talbot's contention if accepted would frustrate this purpose to protect employers who are subject to absolute liability by the Act. Moreover, reduction of Pope & Talbot's liability at the expense of Haenn would be the substantial equivalent of contribution which we declined to require in the Halcyon Case."

It is to be noted that in *Pope & Talbot* the jury found both shipowner and stevedore to have been negligent.

Unless the rule laid down in *Pope & Talbot* has been modified by later authority, it appears to this Court that the stevedore employer of plaintiff is going to be entitled to enforce its lien upon any recovery made by plaintiff.

Accordingly, plaintiffs' motion to strike affirmative defenses is granted. The motion of intervenors to strike affirmative defenses is at this time denied.