John DODGE, Plaintiff-Appellee,
v.
MITSUI SHINTAKU GINKO K. K.
TOKYO, Defendant-Appellant,
and
Brady-Hamilton Stevedore Co.,
Intervenor-Appellee.

No. 75–1442.

United States Court of Appeals,
Ninth Circuit.

Nov. 21, 1975.
Certiorari Denied April 19, 1976.
See 96 S.Ct. 1685.

John R. Brooke (argued), Wood, Wood, Tatum, Mosser & Brooke, Portland, Or., for appellant.

Raymond J. Conboy (argued), Pozzi, Wilson & Atchison, Portland, Or., for appellee.

Michael D. Dempsey (argued), Lillick, McHose & Charles, Los Angeles, Cal., for amicus curiae.

OPINION

Before BARNES and BROWNING, Circuit Judges, and BURKE, District Judge.*

* The Honorable Lloyd H. Burke, United States District Judge, Northern District of California, sitting by designation.

BARNES, Senior Circuit Judge:

Plaintiff, John Dodge, a longshoreman employed by Brady-Hamilton Stevedore Co., suffered injuries when he slipped in snow and ice while working aboard the vessel of defendant Mitsui Shintaku Ginko K. K. Tokyo (herein Mitsui). Under the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C. § 901 et seq.), Dodge received compensation and medical benefits from his employer in the total amount of $1,454.92 and brought this third-party action against Mitsui for damages. Brady-Hamilton intervened, seeking reimbursement of its payments under the Act if Dodge were successful in his suit.

The District Judge found both Mitsui and Brady-Hamilton were each fifty percent negligent, that Dodge was not contributorily negligent, and (upon stipulation between the parties) that plaintiff had sustained general and special damages amounting to $9,000; and that Brady-Hamilton was entitled to a lien of $1,454.92 against Dodge's recovery, representing compensation it paid to Dodge under the Act.

On appeal, Mitsui, the vessel owner, contends that the equal concurring negligence of Brady-Hamilton should result in a fifty percent reduction of Dodge's judgment against the third party. Secondly, Mitsui argues that this Court should deny Brady-Hamilton a lien upon Dodge's judgment due to the fact that the employer was also negligent.

This case is governed by the 1972 Amendments to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. The jurisdiction of this appeal is based upon 28 U.S.C. § 1291.

The facts of this case are similar to *Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp.*, 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318 (1951), where the Supreme Court was confronted with the question whether to apply the doctrine of contribution to non-collision cases in third party actions where the employee has recovered damages from the ship-owner under the Longshoremen's and Harbor Workers' Compensation Act. In that case, the Court refused to allow contribution against the stevedore even though the stevedore was more negligent than the vessel in causing the longshoreman's injury. In so holding, the Court stated:

Halcyon now urges us to extend [the doctrine of contribution] to non-collision cases and to allow a contribution here based upon the relative degree of fault of Halcyon and Haenn as found by the jury. . . . In the absence of legislation, courts exercising a common-law jurisdiction have generally held that they cannot on their own initiative create an enforceable right of contribution as between joint tortfeasors. . . . We have concluded that it would be unwise to attempt to fashion new judicial rules of contribution and that the solution of this problem should await congressional action. 342 U.S. at 284–85, 72 S.Ct. at 279.

In *Atlantic Coast Line Railroad Co. v. Erie Lackawanna Railroad Co.*, 406 U.S. 340, 92 S.Ct. 1550, 32 L.Ed.2d 110 (1972), the Court reaffirmed its decision in *Halcyon:* "We agree that in this noncollision admiralty case the District Court properly dismissed petitioner's third-party complaint for contribution against respondent Erie on the authority of *Halcyon Lines v. Haenn Ship Corp.*, 342 U.S. 282 [72 S.Ct. 277, 96 L.Ed. 318] (1952)." 406 U.S. at 340, 92 S.Ct. at 1550.

Defendant Mitsui contends that the 1972 Amendments to the Act alter the above result. In a very recent case, however, the Supreme Court, even after the 1972 Amendments, viewed its decision in *Halcyon* with approval:

These factors underlying our decision in *Halcyon* still have much force. Indeed, the 1972 amendments to the Harbor Workers' Act re-emphasize Congress' determination that as between an employer and its injured employee, the right to compensation under the Act should be the employee's exclusive remedy. *Cooper Stevedoring Co. v. Kopke, Inc.*, 417 U.S. 106, 112–

13, 94 S.Ct. 2174, 2178, 40 L.Ed.2d 694 (1974).

In a footnote, the Court in *Cooper* inserted the following remarks in regard to the Amendments:

Under the 1972 Amendments . . . where the vessel has been held liable for negligence "the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties shall be void." 33 U.S.C. § 905 (b) (1970 ed., Supp. II). The intent and effect of this amendment was to overrule this Court's decisions in *Seas Shipping Co. v. Sieracki*, 328 U.S. 85 [66 S.Ct. 872, 90 L.Ed. 1099] (1946), and *Ryan Stevedoring Co. v. Pan Atlantic S. S. Corp.*, 350 U.S. 124 [76 S.Ct. 232, 100 L.Ed. 133] (1957), insofar as they made an employer circuitously liable for injuries to its employee, by allowing the employee to maintain an action for unseaworthiness against the vessel and *allowing the vessel* to maintain an action for *indemnity* against the employer. 417 U.S. at 113 n. 6, 94 S.Ct. at 2178 n. 6 (emphasis added).

Hence, it appears that the effect of the 1972 Amendments was to disallow both contribution and indemnity. The House Committee Report supports this intent:

[U]nless . . . *indemnity or contribution* agreements are prohibited as a matter of public policy, vessels by their superior economic strength could circumvent and nullify the provisions of Section 5 of the Act by requiring indemnification from a covered employer for employee injuries.

Accordingly, the bill expressly prohibits such recovery, whether based on an implied or express warranty. It is the Committee's intention to prohibit such recovery under any theory including, without limitation, theories based on contract or tort. H.R.Rep. No. 92–1441 at 7, U.S.Code Cong. & Admin. News 1972, p. 4704 (emphasis added).

Recent federal cases also support the view that the third party vessel is not entitled to contribution against the stevedore. A recent district court decision exemplifies this rationale:

The Act clearly provides for such a suit [against a third party] regardless of the concurrent negligence by the stevedore. . . . [W]e consider it clear that with respect to the stevedore the sole liability was that provided under the Act. Congress sought to eliminate all actions against the stevedore *whether for indemnity or contribution,* whether based on tort or on contract, and whether for fees and expenses. *Lucas v. "Brinknes" Schiffahrts Ges.*, 379 F.Supp. 759, 769 (E.D. Pa.1974) (emphasis added)

In accord: *Landon v. Lief Hoegh and Co., Inc.*, 521 F.2d 756 (2d Cir. 1975); *Hubbard v. Great Pacific Shipping Co.*, 404 F.Supp. 1242 (D.Or.1975); *Santino v. Liberian Distance Transports, Inc.*, 405 F.Supp. 34 (W.D.Wash.1975).

In light of the above authority, we hold that the employer-stevedore has no liability to the vessel owner, either directly or indirectly, for personal injury damages incurred in a compensation-covered accident. *See* Cohen & Dougherty, *The 1972 Amendments to the Longshoremen's and Harbor Workers' Compensation Act: An Opportunity For Equitable Uniformity in Tripartite Industrial Accident Litigation,* 19 N.Y.L.F. 587, 594 (1974).

Secondly, even if the doctrine of contribution does not apply here, defendant Mitsui contends that the equal concurring negligence of the stevedore should result in a fifty percent reduction of plaintiff Dodge's recovery against Mitsui. Defendant derives its authority from *Shellman v. United States Lines, Inc.*, Civ. No. 73–1902–R (C.D.Cal. Nov. 25, 1974), where the district judge reduced the plaintiff's recovery by the percentage of his own contributory negligence *plus* the percentage of the stevedore's concurring negligence. *See also Murray v. United States,* 132 U.S.App. D.C. 91, 405 F.2d 1361 (1968), which held that where plaintiff's injuries were

caused by the concurring negligence of the stevedore, he is only entitled to receive one-half of the damages from the negligent shipowner.

We reject .both the *Murray* and *Shellman* Doctrines because they are contrary to the greater weight of authority, and also because they impose unjustified burdens upon the injured longshoreman. The Second Circuit very recently considered the adoption of the *Murray* Theory and rejected it, observing: "We cannot agree that some negligence by the employer is enough to cut off the injured longshoreman's protected right to sue the ship for its own negligence." *Landon v. Lief Hoegh and Co., Inc.,* 521 F.2d 756, 763 (2nd Cir. 1975). The *Murray* Doctrine has also been criticized by commentators. *See, e. g., Cohen & Dougherty, supra,* at 605.

The first District Court, after the passage of the 1972 Amendments, to consider the above question was composed of a three-judge panel which held that the recovery of an injured employee against a negligent vessel owner was not to be diminished by the concurring negligence of the employer stevedore. *Lucas v. "Brinknes" Schiffahrts Ges.,* 379 F.Supp. 759, 769 (E.D.Pa.1974). In *Hubbard v. Great Pacific Shipping Co.,* 404 F.Supp. 1242 (D.Or.1975), the court rejected both the *Murray* and *Shellman* Doctrines. In so holding, the District Judge observed:

> The defendant-shipowner's two partial theories [*Murray Credit* and *Shellman*] would have the result of negating Congress's intent of eliminating direct or indirect third-party actions in longshoreman-injury cases as embodied in the 1972 Amendments to the Longshoremen's and Harbor Workers' Compensation Act. This is simply a case of *concurring* negligence of the defendant-shipowner and the stevedore which, under a negligence theory, still entitles the plaintiff to a judgment against the defendant-shipowner in the full amount of his damages. (emphasis added).

In another recent case, *Santino v. Liberian Distance Transports, Inc.,* 405 F.Supp. 34 (W.D.Wash.1975), the District Judge agreed with the rationale of the *Lucas* court. *See Solsvik v. Maremar Compania Naviera, S.A.,* 399 F.Supp. 712 (W.D.Wash.1975). In holding that an employee injured by the concurring negligence of the employer-stevedore and the vessel owner can recover "the *total* of his damages from the shipowner," the *Santino* court made the following remarks:

> On its face it seems inequitable for a shipowner to be liable to an injured longshoreman for all of the latter's damages if the negligence of the shipowner was not the sole proximate cause of the injuries but rather concurred with the negligence of the stevedore employer. Particularly would this be true if the fault of the stevedore employer were much greater than that of the shipowner. Nevertheless, since the Longshoremen's and Harbor Workers' Act is a creature of Congress, it would in this Court's opinion be better for Congress to effect the elimination of any inequity than to have the various District Courts seek to remove that inequity by means which would unavoidably vary from district to district.
>
> Permitting a shipowner to plead the negligence of the stevedore as an affirmative defense would not eliminate inequity. *It would simply shift the inequity from shipowner to injured longshoreman. He would be restricted in his recovery as against the shipowner without acquiring any offsetting rights under the Act as against his stevedore employer.* (emphasis added).

We agree with this rationale. To reduce plaintiff Dodge's recovery here because of the concurring negligence of his employer-stevedore, would simply shift the inequity from defendant Mitsui to Dodge. Furthermore, the Supreme Court clearly emphasized in *Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp.,* 342 U.S. 282, 286, 72 S.Ct. 277, 96

L.Ed. 318 (1952), that it is for the Congress and not for the courts to create a solution to this problem. We therefore hold that a longshoreman who has received injuries caused by the concurring negligence of his stevedore employer and the shipowner can recover the full amount of his damages from the shipowner.

Lastly, defendant Mitsui contends that this Court should deny the stevedore employer a lien upon plaintiff's judgment due to the fact that the stevedore was concurrently negligent. This contention is based on the premise that the employer's right of reimbursement is an equitable one. Being an equitable right, "[t]here is no equity in the principle that a stevedore should be allowed to enforce an unmitigated lien on a personal injury judgment which has been reduced because of the stevedore's concurrent negligence." *Croshaw v. Koninklijke Nedlloyd, B. V. Rijswijk*, 398 F.Supp. 1224, 1234 (D.Or.1975).

The problem with the above approach is: call the lien what you may, equitable or legal, the reduction of the stevedore's recovery would be another form of contribution, which the Act seeks to prohibit. The Supreme Court in *Pope & Talbot, Inc. v. Hawn,* 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (1953), held that even though the stevedore was concurrently negligent, it could still recover its compensation lien in full:

§ 33 of the [Longshoremen's and Harbor Workers' Compensation] Act has specific provisions to permit an employer to recoup his compensation payments out of any recovery from a third person negligently causing such injuries. [The shipowner's] contention if accepted would frustrate this purpose to protect employers who are subjected to absolute liability by the Act. Moreover, reduction of [the shipowner's] liability at the expense of [the stevedore employer] would be the substantial equivalent of contribution which we declined to require in the *Halcyon* case. 346 U.S. at 412, 74 S.Ct. at 206.

In a recent case, the Second Circuit held that the rule stated in *Pope & Talbot* is still good law. *Landon v. Lief Hoegh and Co., Inc.,* 521 F.2d at 760 (2d Cir. 1975).[1]

It is clear that, by its terms, § 33(b) of the Act operates to give the employer an assignment of the rights of the injured longshoreman against any third-party tortfeasor *unless* the employee shall have commenced an action against such third party tortfeasor within six months after an award in a compensation order has been made and filed by the Deputy Commissioner or the Board. It is, however, equally clear that the employer's remedy under § 33 of the Act is not his exclusive remedy. In *Federal Marine Terminals, Inc. v. Burnside Shipping Co.,* 394 U.S. 404, 89 S.Ct. 1144, 22 L.Ed.2d 371 (1969), the Supreme Court noted:

When Congress imposed on the employer absolute liability for compensation, it explicitly made that liability exclusive. Yet in the same Act it attached no such exclusivity to the employer's action against third persons as subrogee to the rights of the employee or his representative. . . . [W]e can perceive no reason why Congress would have intended so to curtail the stevedoring contractor's rights against the shipowner. . . . [T]his Court [never] . . . has held that statutory subrogation is the employer's exclusive remedy against third party wrongdoers, and we decline to so hold today. 394 U.S. at 412–14, 89 S.Ct. at 1149.

Because the employer stevedore's remedy under § 33 is not exclusive, this Court will consider the question whether

---

1. It is indeed questionable whether it is equitable for the stevedore employer to recover the full amount of its compensation payments even if its negligence were a concurring cause of the longshoreman's injuries. The issue before us, however, is not whether *Halcyon* and *Pope & Talbot* were correctly decided. Rather, because these decisions are still good law, our obligation is to apply the principles of those cases to the facts presently before us.

the stevedore has a right to reimbursement for its expenditures made under the Act regardless of whether it has paid the compensation under an award or has paid the compensation *without* such an award. In the leading case involving this question, the Third Circuit remarked:

> We find no intent indicated by the Act to take away from the employer who pays compensation without an award his right to reimbursement out of his employee's ·recovery from third persons. On the contrary, we think that the intent and scheme of the Act requires that the employer's right to subrogation for compensation payments made in the circumstances here shown be recognized *wholly apart from* and without regard for the assignment provided for in Sec. 33(b) of the Act. It is only the right of control of the employee's right of action against third persons which an employer foregoes by paying compensation without an award. *His right to reimbursement out of the recovery for the employee's injury remains unaffected. The Etna,* 138 F.2d 37, 41 (3rd Cir. 1943) (emphasis added).

Although decided over thirty years ago, *The Etna* still remains controlling. Earlier this year, the Fifth Circuit, in approving of that decision, held:

> The subrogation right where there is no award is a judicial creature with the statute as a rationale. In cases such as this .one, where the employee himself sues the third party tortfeasor, the courts have long recognized a right of subrogation to the extent of payments made, and have permitted the employer or its insurer to intervene in the employee's suit to protect its right, *even where the compensation was paid without the entry of a formal compensation award. Allen v. Texaco, Inc.,* 510 F.2d 977, 979–80 (5th Cir. 1975) (emphasis added) *in accord: Louviere v. Shell Oil Company,* 509 F.2d 278, 283–84 (5th Cir. 1975); *Fontana v. Pennsylvania R. R.,* 106

F.Supp. 461, 462–63 (S.D.N.Y.1952), *aff'd sub nom., Fontana v. Grace Line, Inc.,* 205 F.2d 151 (2d Cir.), *cert. denied,* 346 U.S. 866, 74 S.Ct. 137, 98 L.Ed. 390 (1953).

■ This very issue has been presented before this Court. In *Huge v. Dampskisaktieselskabet International,* 170 F.Supp. 601 (S.D.Cal.1959), the District Court held that the stevedore employer, even though negligent, having paid benefits under the Act without an award, was entitled to the reimbursement of its compensation lien out of the employee's recovery against the shipowner. 170 F.Supp. at 606–07. On appeal, the District Court's opinion was affirmed in its entirety. *Metropolitan Stevedore Co. v. Dampskisaktieselskabet International,* 274 F.2d 875 (9th Cir.), *cert. denied,* 363 U.S. 803, 80 S.Ct. 1237, 4 L.Ed.2d 1147 (1960). We believe that this approach is supported by strong authority, and thus hold that the stevedore-employer, even though concurrently negligent, has a right to reimbursement for its expenditures made under the Act regardless of whether it has paid the compensation under an award or has paid the amount without such an award.

In conclusion, in addition to the above ruling, this Court holds that the employer-stevedore has no liability to the shipowner, either directly or indirectly, for personal injury damages incurred in a compensation-covered accident. Secondly, we hold that a longshoreman who has been injured by the concurring negligence of his employer stevedore and the vessel owner can recover the total of his damages from the vessel owner. Applying these principles to the facts of this case, we find that the plaintiff Dodge is to receive $9,000 for his general and special damages from the shipowner, Mitsui. Out of plaintiff's recovery, the employer stevedore, Brady-Hamilton, is entitled to a lien of $1,454.92, representing sums it paid to Dodge under the Act.

Since our holdings agree with those of the District Judge's, the judgment of the District Court is affirmed.