**Frank HOWARD, Plaintiff,**

v.

**ROMEN, INC., a corporation, et al., and the SS IRAZU, her engines, hull, tackle, cargo and appurtenances thereof, Defendants.**

Civ. A. No. 77–148–T.

United States District Court,
S. D. Alabama, S. D.

Dec. 19, 1977.

Christopher E. Peters, Diamond, Lattof & Gardner, Mobile, Ala., for plaintiff.

A. Clay Rankin, III, and J. Hodge Alves, III, both of the firm of Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, Ala., for defendant.

## ORDER

DANIEL HOLCOMBE THOMAS, Senior District Judge.

This matter came on for consideration by this Court on plaintiff's motion to strike the fourth defense of defendant's answer, filed on October 6, 1977, and heard by the Court on October 25, 1977.

As grounds for his motion plaintiff asserts that (1) the affirmative defense set forth in defendant's fourth defense is not a legal defense and (2) the affirmative defense is without legal basis. The defendant asserts that, although this Court has on two previous occasions ruled against the validity of such a defense, the authority among the Circuit Courts of Appeal is split and furthermore the 1972 Amendments to the Longshoremen's and Harbor Workers' Compensation Act contain no provision proscribing the asserted defense.

The defense in question states that plaintiff's recovery should be reduced to the extent to which the stevedore employer's negligence contributed to plaintiff's injury. The defendant asserts that the vessel can be held liable only for that portion of the plaintiff's damages which results from the vessel's own negligence and that the vessel cannot be found liable to the plaintiff for the negligence of his stevedore-employer. The plaintiff argues that such a finding would result in defeating both the plaintiff's claim and the compensation lien of the stevedore-employer. In so doing the plaintiff asserts that such result would hold the plaintiff responsible for the alleged negligence of the plaintiff's employer or otherwise to impute the negligence of plaintiff's employer to the plaintiff in an effort to limit the amount of his recovery.

The Court, having considered the 1972 Amendments to the Longshoreman's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* and the judicial authorities, is of the opinion that the previous rulings by this Court should be followed. Therefore, the defense in question is stricken.

The briefs of counsel indicate that only two circuits, the Fourth and the Ninth, have squarely confronted the issue before this Court and that they are in direct opposition. *Edmonds v. Compagnie Generale Transatlantique,* 558 F.2d 186 (4th Cir. 1977); *Shellman v. United Lines, Inc.,* 528 F.2d 675 (9th Cir. 1975). The *Shellman* court adopted the remarks of *Santino v. Liberian Distance Transports, Inc.,* 405 F.Supp. 34 (W.D.Wash.1975) wherein it was stated:

"On its face it seems inequitable for a shipowner to be liable to an injured longshoreman for all of the latter's damages if the negligence of the shipowner was not the sole proximate cause of the injuries but rather concurred with the negligence of the stevedore employer. Particularly would this be true if the fault of the stevedore employer were much greater than that of the shipowner. Nevertheless, since the Longshoremen's and Harbor Workers' Act is a creature of Congress, it would in this Court's opinion be better for Congress to effect the elimination of any inequity than to have the various District Courts seek to remove that inequity by means which would unavoidably vary from district to district. Permitting a shipowner to plead the negligence of the stevedore as an affirmative defense would not eliminate inequity. *It would simply shift the inequity from the*

*shipowner to injured longshoreman. He would be restricted in his recovery as against the shipowner without acquiring any offsetting rights under the Act as against his stevedore employer."* 405 F.Supp. at 35 (emphasis added)

This Court adheres to the above reasoning as, in its opinion, the most proper posture to assume under these circumstances.

Therefore, it is ORDERED, ADJUDGED and DECREED that plaintiff's motion to strike should be, and hereby is, GRANTED.