**BETHLEHEM STEEL CORPORATION, Petitioner,**

v.

**Jesse MOBLEY, Claimant–Respondent,**

and

**Director, Office of Workers' Compensation Programs, U.S. Department of Labor, Respondent.**

**No. 88–7141.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 1990.

Decided Aug. 28, 1990.

Amended Dec. 3, 1990.

Laura G. Bruynell, Mullen and Filippi, San Francisco, Cal., for petitioner.

Kathryn Ringgold, San Francisco, Cal., for claimant-respondent.

Joshua T. Gillen, U.S. Dept. of Labor, Washington, D.C., for respondent.

David J. Schmit, Schmit, Morris, Bittner and Schmit, Oakland, Cal., for amicus.

Robert H. Madden and Steven T. Russell, Madden & Crockett, Seattle, Wash., for amicus Todd Pacific Shipyards Corp.

Before SCHROEDER and CANBY, Circuit Judges, and LEW,* District Judge.

## ORDER

The panel as constituted above has voted to amend slip opinion page 9683, 912 F.2d 1084 (9th Cir.1990), lines 2–3, by deleting "condition medical benefits upon compliance with 33 U.S.C. § 33(g)(1)" and replacing this with "to compel compliance with 33(g)(1) by one who is entitled only to medical benefits."

## OPINION

SCHROEDER, Circuit Judge:

Bethlehem Steel Corporation petitions for review of a decision of the Department of Labor's Benefits Review Board. The Board upheld an Administrative Law Judge's decision that Bethlehem was responsible under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–945 (1989) (LHWCA) for respondent Jesse Mobley's future medical expenses caused by his on-the-job exposure to asbestos. We are called upon to interpret the provisions of sections 33(g)(1) and (2) of the LHWCA, 33 U.S.C. §§ 933(g)(1), (2) (1989), relating to approval and notice of settlements with third parties.

Under section 33(g)(1),[1] a claimant is required to obtain the approval of the employer when the claimant settles an action against a third party, if the settlement is for an amount less than the amount of "compensation" for which the employer is liable. Bethlehem contends that Mobley's failure to obtain its approval of his settlements of third party claims against the asbestos manufacturers should result in

---

* Honorable Ronald S.W. Lew, United States District Judge for the Central District of California, sitting by designation.

1. (g) Compromise obtained by person entitled to compensation.

    (1) If the person entitled to compensation (or the person's representative) enters into a settlement with a third person referred to in subsection (a) of this section for an amount less than the compensation to which the person (or the person's representative) would be entitled under this chapter, the employer shall be liable for compensation as determined under subsection (f) of this section only if written approval of the settlement is obtained from the employer and the employer's carrier, before the settlement is executed, and by the person entitled to compensation (or the person's representative). The approval shall be made on a form provided by the Secretary and shall be filed in the office of the deputy commissioner within thirty days after the settlement is entered into.

33 U.S.C. § 933(g)(1).

forfeiture of medical benefits in this case, even though he was awarded no disability compensation.

Under section 33(g)(2)[2], the employee is required to give the employer notice of all settlements or judgments in third party claims. Bethlehem contends that, although Mobley in this case did give notice of the settlements before the hearing to determine his claim under the LHWCA, the notice was untimely because it was not given immediately after the settlements were negotiated. The Board rejected both of these contentions, and we affirm.

The background of the dispute is as follows. Mobley filed a claim on July 7, 1981 for both compensation and medical benefits under the LHWCA against Bethlehem, alleging that his employment with Bethlehem resulted in an asbestos related pulmonary injury. Bethlehem denied responsibility for compensation or medical benefits, and a hearing was scheduled before an administrative law judge on June 20, 1985.

Mobley had also pursued a series of tort claims against various asbestos manufacturers and settled those claims between 1981 and 1985. Mobley informed Bethlehem of the settlements just before the hearing on his LHWCA claim began. He did not obtain Bethlehem's prior approval for the settlements.

The hearing went forward on the merits, despite Bethlehem's contentions that Mobley had violated the provisions of sections 33(g)(1) and (2) and had therefore forfeited his rights to compensation and medical benefits. The ALJ found that Mobley was not disabled and was therefore not entitled to compensation. The ALJ did, however, order Bethlehem to pay Mobley's continuing medical expenses as well as his attorney's fees. Bethlehem appealed to the Board, which affirmed the ALJ's decision, and Bethlehem now seeks our review, reiterating its contentions that Mobley is barred by sections 33(g)(1) and (2) from receiving any relief under the LHWCA.

■ Section 33(g)(1) requires persons "entitled to compensation" to obtain written permission from their employers before entering into a third-party settlement for an amount "less than the compensation" for which they are entitled under the LHWCA. If a claimant fails to obtain an employer's prior written approval of the settlement, the claimant forfeits all rights to compensation and medical benefits under the LHWCA. 33 U.S.C. § 933(g)(2).

The Board correctly determined that section 33(g)(1) did not bar Mobley's benefits because the third-party settlements into which Mobley entered exceeded the amount of compensation to which he was entitled under the LHWCA. Because the ALJ found that Mobley was not disabled, he was not entitled to any compensation under the LHWCA. He therefore did not enter into a settlement for "less than the compensation" to which he was actually entitled.[3]

■ The fact that the ALJ and the Board awarded Mobley medical expenses is not material, for as the Supreme Court has noted, compensation and medical benefits are distinct terms under the LHWCA. *See Marshall v. Pletz*, 317 U.S. 383, 390, 63 S.Ct. 284, 288, 87 L.Ed. 348 (1943). The LHWCA defines "compensation" as "the money allowance payable to an employee ..." on account of the employee's disability. *See* 33 U.S.C. §§ 902(12) and 906 (1989). In contrast, "medical benefits" re-

---

**2.** 33 U.S.C. § 933(g)(2) provides:

If no written approval of the settlement is obtained and filed as required by paragraph (1), or if the employee fails to notify the employer of any settlement obtained from or judgment rendered against a third person, all rights to compensation and medical benefits under this chapter shall be terminated, regardless of whether the employer or the employer's insurer has made payments or acknowledged entitlement to benefits under this chapter.

**3.** Because we affirm the Board's determination of the section 33(g)(1) issue on the ground that Mobley's settlements exceeded the amount of compensation to which he was entitled under the LHWCA, we do not address the Board's alternative holding that under *O'Leary v. Southwest Stevedoring Co.*, 7 BRBS 114 (1977), prior approval is required only when the settlement is reached after the employee has begun receiving compensation from the employer.

fers to actual medical expenses. *See* 33 U.S.C. § 907 (1989). Indeed, this distinction is apparent in the wording of section 33(g) itself. Section 33(g)(1) refers solely to "compensation." In contrast, section 33(g)(2), which requires notification of any settlement regardless of amount, expressly conditions both "compensation" and "medical benefits" upon such notification. The absence of any reference to "medical benefits" in section 33(g)(1), when the phrase is included in a companion section, indicates that Congress did not intend to compel compliance with 33(g)(1) by one who is entitled only to medical benefits.

▪ We now turn to the other issue before us, which is whether Mobley gave Bethlehem timely notice under section 33(g)(2). Section 33(g)(2) provides that a claimant loses all rights to compensation and medical benefits under the LHWCA if the claimant fails to notify the employer "of any settlement obtained from or judgment rendered against a third person ... regardless of whether the employer ... has made payments or acknowledged entitlements to benefits under this chapter." The LHWCA does not specify when such notice must be given. We agree with the Board that the notice given here was sufficient, because its timing resulted in no prejudice to the employer.

The purposes behind section 33(g)(2) do not support the employer's strict interpretation of the notice requirement. That interpretation would require immediate notification and would result in forfeiture of benefits for any delay in notification of the outcome of third party claims.

Section 33 governs the interplay between the employer's LHWCA liability and any tort liability of third parties. The LHWCA enables an employer to credit a claimant's third-party recovery against future compensation. 33 U.S.C. § 933(f) (1989).[4] The courts have held that it also enables an employer to recoup prior payments from

any such recovery. *See Bloomer v. Liberty Mut. Insur. Co.,* 445 U.S. 74, 79, 100 S.Ct. 925, 928, 63 L.Ed.2d 215 (1980); *Dodge v. Mitsui Shintaku Ginko K.K. Tokyo,* 528 F.2d 669, 674 (9th Cir.1975) (citing *The Etna,* 138 F.2d 37, 41 (3d Cir.1943)), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976). *See generally, Carter v. Director, O.W.C.P.,* 751 F.2d 1398, 1400–02 (D.C.Cir.1985). Section 33(g)(2)'s notification requirement thus serves two purposes. First, it enables an employer to protect its right to set off the amount of a settlement against any future obligations it might have. *See* 33 U.S.C. § 933(f). Second, it ensures that an employer is able to protect its right to reimbursement from the proceeds of a third-party settlement in the amount of any payment the employer has already made. *See Bloomer,* 445 U.S. at 79, 100 S.Ct. at 928; *Dodge,* 528 F.2d at 674. So long as the employer has notice of the settlement before it has made any payments and before the Agency orders it to make any payments, the purposes of the statute are satisfied. All rights to set-off and recoupment are preserved. Such notice was provided here and Bethlehem's statutory rights were protected.

Bethlehem asks us to interpret the statute as requiring the employee to forfeit all benefits if the employee fails to provide the employer notice as soon as a settlement is entered into, which in this case was long before the employer had paid, or had been ordered to pay, any amounts to the employee. Bethlehem's interpretation appears to serve no statutory purpose. The Board's interpretation, on the other hand, protects the interests of both the employer and the employee, thereby striking the delicate balance which the LHWCA strives to achieve. *Morrison–Knudsen Constr. Co. v. Director, O.W.C.P.,* 461 U.S. 624, 636, 103 S.Ct. 2045, 2052, 76 L.Ed.2d 194 (1983). The Supreme Court has observed that the LHWCA is a humanitarian act and "must

---

**4.** Section 33(f) provides in pertinent part:
   ... the employer shall be required to pay as compensation under this chapter a sum equal to the excess of the amount which the Secretary determines is payable on account of such injury or death *over* the net amount recovered against such third person. Such net amount shall be equal to the actual amount recovered less the expenses reasonably incurred by such person in respect to such proceedings.... (emphasis added).

be liberally construed in conformance with its purpose, and in a way which avoids harsh and incongruous results." *Voris v. Eikel*, 346 U.S. 328, 333, 74 S.Ct. 88, 92, 98 L.Ed. 5 (1953); *accord, Director, O.W.C.P. v. Perini North River Assocs.*, 459 U.S. 297, 315–16, 103 S.Ct. 634, 646, 74 L.Ed.2d 465 (1983).

We therefore hold that a claimant's notice to an employer of a third-party settlement before the employer has made any payments and before the Agency has announced any award is sufficient under section 33(g)(2).

AFFIRMED.