James W. HUBBARD, Plaintiff,

v.

**GREAT PACIFIC SHIPPING CO.,
MONROVIA, Defendant.**

Civ. No. 74–289.

United States District Court,
D. Oregon.

June 16, 1975.

Pozzi, Wilson & Atchison, Portland, Ore., for plaintiff.

Wood, Wood, Tatum, Mosser & Brooke, John R. Brooke, Portland, Ore., for defendant.

## OPINION

BELLONI, Chief Judge.

Plaintiff brought this action for damages for personal injuries suffered as a result of the negligence of the defendant. This court has jurisdiction under 28 U.S.C. § 1332.

When plaintiff was injured, he was a member of a longshoring gang engaged in preparing the defendant's ship so that logs could be loaded on the deck the following day. This required the gang to lay three tarpaulins on each hatch cover and to roll them out flat so the ship's crew could batten them down. The stevedore's duty ended and the function of the ship's crew began when the tarpaulins were in position for the crew to fold the sides and ends of the tarpaulins and to batten them down.

Inasmuch as the tarpaulins are of heavy duck material and tend to resist easy bending over the sides of the hatch cover, it is a customary safety measure for the longshoremen to push the sides down so the edge of the hatch cover is clearly delineated and so no one will step upon the overhanging portion of the tarpaulin thinking he had the solid footing of the hatch cover.

During the evening of May 2, 1973, plaintiff's gang had laid three tarpaulins on the port side of Hatch No. 1 of the M/S ROSE S and had folded down the sides. The ship's crew appeared and began its customary battening procedure. As is customary, the crew folded the bottom tarpaulin under and stretched the two top tarpaulins out tight. For some unexplained reason, the crew then left that part of the ship with the battening procedure in this unfinished condition: i. e. with a portion of the tarpaulin extending past the edge of the hatch.

The plaintiff, in the course of his duties, walked across the top of the hatch from mid-ship toward the inshore (port) side. From his vantage point, the tarpaulin and the edge of the hatch seemed to end in the same place. He stepped onto the overhanging portion of the tarpaulin and fell on his hands and knees to the deck some five feet below.

Plaintiff suffered a severe and permanent wrist injury in the fall. His impairment of earning capacity is minimal because his seniority and ability have enabled him to obtain longshoring jobs which he is able to perform. He has, however, been generally damaged in the sum of $40,000.00. His special damages are $784.55, for medicals and $18,000.00 for wage loss. Plaintiff's total damages, then, amount to $58,784.55.

I find that the defendant-shipowner was negligent in allowing its crew to leave the tarpaulins on the No. 1 hatch hanging over the edge of the hatch. I further find that the plaintiff, himself, was not negligent. The plaintiff, therefore, is entitled to a judgment in the amount of $58,784.55.

The defendant-shipowner has raised two partial defenses. The first is sometimes called the Murray Credit Doctrine. *Murray v. United States*, 132 U. S.App.D.C. 91, 405 F.2d 1361 (1968). That case held that where the injuries to the employee (longshoreman) were caused by some concurring negligence of the employer (Stevedore), the injured employee is only entitled to collect one-half of the damages from the third-party tortfeasor (Shipowner).

The defendant-shipowner's second partial defense is based on the holding in *Shellman v. United States Lines Operators, Inc.*, Civil No. 72–1902–R (D.C. Central Dist.Calif. Nov. 25, 1974). That holding would reduce plaintiff's recovery by the percentage of plaintiff's own contributory negligence *and* by the percentage of the Stevedore's concurring negligence.

I reject both of these theories.

I find that the defendant-shipowner's negligence was 80% of the cause of the

plaintiff's injuries. I further find that the Stevedore Company was negligent and that its negligence was 20% of the cause of plaintiff's injuries. Other longshoremen, some in supervisory capacities, were standing on the deck just before plaintiff fell. They should have anticipated his fall and warned him. Even more importantly, they should have seen the protruding edge of the tarpaulin from their vantage points and should have folded it back flush against the hatch.

These facts, however, do not entitle the defendant to reduce the judgment. The defendant-shipowner's two partial theories would have the result of negating Congress's intent of eliminating direct or indirect third-party actions in longshoreman-injury cases as embodied in the 1972 Amendments to the Longshoremen's and Harbor Workers' Compensation Act. This is simply a case of concurring negligence of the defendant-shipowner and the Stevedore which, under a negligence theory, still entitles the plaintiff to a judgment against the defendant-shipowner in the full amount of his damages.

I find, therefore, that the plaintiff is entitled to a judgment against the defendant in the amount of $58,784.55.