John SHELLMAN, Plaintiff-Appellant,

v.

UNITED STATES LINES, INC.,
Defendant-Appellee.

HARTFORD ACCIDENT & INDEMNI-
TY COMPANY, Plaintiff in Interven-
tion and Appellant,

v.

UNITED STATES LINES, INC., and
John Shellman, Defendants in
Intervention.

Nos. 75–3071, 75–3058.

United States Court of Appeals,
Ninth Circuit.

Nov. 21, 1975.
Certiorari Denied April 19, 1976.
See 96 S.Ct. 1668.

Robert Sikes (argued), N. Hollywood, Cal., for appellant in 75–3058.

Newton R. Brown (argued), Wilmington, Cal., for appellant in 75–3071.

Michael D. Dempsey (argued), Lillick, McHose & Charles, Los Angeles, Cal., for appellee.

## OPINION

Before BARNES and BROWNING, Circuit Judges, and BURKE,* District Judge.

BARNES, Senior Circuit Judge:

Plaintiff, John Shellman, a longshoreman employed by Marine Terminals Corporation [herein "Marine"], was injured while working aboard United States Lines' vessel, American Aquarius. Un-

der the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., Shellman brought this third party action against defendant shipowner, United States Lines. Hartford Accident and Indemnity Company [herein "Hartford"], subrogated to the rights of the stevedore employer Marine, filed a complaint in intervention seeking recovery of the compensation and medical benefits paid to Shellman under the Act by his employer. In its answer, United States Lines raised the contributory negligence of Marine as a defense to its liability both to Shellman and to Hartford.

This case is governed by the 1972 Amendments to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. The jurisdiction of this appeal is based upon 28 U.S.C. § 1291.

In a preliminary Memorandum Opinion and Order of November 25, 1974, District Judge Real found that Shellman had a cause of action for his asserted injuries caused by the negligence of shipowner, United States Lines (33 U.S.C. § 905(b) ); that Marine and/or Hartford could not pursue their compensation lien against United States Lines; and that in the action of Shellman against United States Lines, the shipowner could claim both the contributory negligence of the longshoreman and his stevedore employer in reduction of any damages that the longshoreman could prove as the result of some negligence on the shipowner's part. (C.T. 10 to 22 inclusive.)

At trial, the stevedore employer was found seventy percent negligent, while United States Lines was found thirty percent negligent in causing Shellman's injuries. Shellman was found to be not contributorily negligent. Because of the seventy percent negligence of the stevedore employer, the district judge reduced Shellman's damages of $15,485.00 by such percentage, entering judgment in the amount of $4,645.50.[1]

---

* Honorable Lloyd H. Burke, United States District Judge, Northern District of California, sitting by designation.

1. We emphasize that the plaintiff longshoreman was held not contributorily negligent in any degree. We therefore are not called upon

Both Shellman and Hartford appeal the decision of the district court.

Hartford, however, now seeks to voluntarily dismiss its appeal pursuant to the provisions of Rule 42(b) of the Federal Rules of Appellate Procedure. That Rule states in relevant part:

*Rule 42. Voluntary Dismissal*

*(b) Dismissal in the Court of Appeals.* If the parties to an appeal or other proceeding shall sign and file with the clerk of the court of appeals an agreement that the proceeding be dismissed, specifying the terms as to payment of costs, and shall pay whatever fees are due, the clerk shall enter the case dismissed, but no mandate or other process shall issue without an order of the court. *An appeal may be dismissed on motion of the appellant upon such terms as may be agreed upon by the parties or fixed by the court.* (emphasis added)

Assuming that this Court grants Hartford's motion, Hartford stipulates that it will reimburse and pay to the shipowner, United States Lines, all reasonable costs and attorneys' fees incurred by United States Lines in the preparation and other legal work incidental to its defense against Hartford on this appeal.

■ United States Lines objects to Hartford's motion, contending that a voluntary dismissal is improper where the case involves a recurrent controversy which the public has a strong interest in resolving. For authority, United States Lines cites *Alton & Southern Railway*

Co. v. *International Association of Machinists,* 150 U.S.App.D.C. 36, 463 F.2d 872 (1972), and *Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911), which concern whether a court should dismiss an appeal as moot, or hear an apparently moot case, because of the strong public interest in resolution of the issues. They have no connection whatsoever with voluntary dismissal under Federal Rule of Appellate Procedure 42(b). We therefore do not find them of controlling value in resolving the issue at hand.

Although not directly applicable nor dispositive of this case we find the comparable provisions of Supreme Court Rule 60(2) of assistance. That Rule provides:

Whenever an appellant or petitioner in this court shall, by his attorney of record, file with the clerk a motion to dismiss a proceeding to which he is a party, with proof of service as prescribed by Rule 33, and shall tender to the clerk any fees and costs that may be due, the adverse party may within fifteen days after service thereof file an objection, *limited to the quantum of damages and costs in this court alleged to be payable,* or, in a proper case, to a showing that the moving party does not represent all appellants or petitioners if there are more than one. *The clerk will refuse to receive any objection not so limited.* (emphasis added)

■ Relating back to Federal Rule of Appellate Procedure 42(b), an appeal

---

to pass upon any issue of comparative negligence between plaintiff and the shipowner. If he were, it is clear that the less harsh doctrine of comparative, rather than contributory, negligence would apply. As the legislative history indicates: "[T]he Committee intends that the admiralty concept of comparative negligence, rather than the common law rule as to contributory negligence, shall apply in cases where the injured employee's own negligence may have contributed to causing the injury." 3 U.S.Code Cong. and Admin.News p. 4705 (1972). The case law has long been settled that the appropriate standard is one of comparative negligence. *See Pope & Talbot, Inc.*

v. *Hawn,* 346 U.S. 406, 408, 74 S.Ct. 202, 98 L.Ed. 143 (1953); *Arthur v. Flota Mercante Gran Centro Americana, S.A.,* 487 F.2d 561, 563 (5th Cir. 1973); *Rivera v. Rederi A/B Nordstjernan,* 456 F.2d 970, 973 (1st Cir. 1972); *McInnis v. Hamburg American Lines,* 317 F.Supp. 1395, 1397 (N.D.Cal.1970). For a general discussion regarding the 1972 Amendments to the Act, including the saving of the comparative negligence doctrine, *see* Note, *The Longshoremen's and Harbor Workers' Compensation Act Amendments of 1972: An End to Circular Liability and Seaworthiness in Return for Modern Benefits,* 24 U.Miami L.Rev. 94, 105–06 (1972).

may be dismissed on appellant's motion "upon *such terms* as may be . . . fixed by the court." The preceding language contained in Rule 42(b) [cited *supra*] and Supreme Court Rule 60(2) indicate that the word "terms" in Rule 42(b) refers to the payment of damages and costs alleged to be payable plus the payment of whatever fees are due.

Such an interpretation seems to be consistent with the Fourth Circuit's holding in *Blount v. State Bank & Trust Company,* 425 F.2d 266 (4th Cir. 1970). In *Blount,* the Court held that voluntary dismissal on appellant's motion under Rule 42(b) is unavailable when "the appellee has been put to trouble and expense because the appellant has not complied with the rules of court." *Id.* In other words, appellant will not be allowed to abandon its appeal if such would result in financial loss to the appellee. *Id.; see also Moore v. Tangipahoa Parish School Board,* 421 F.2d 1407 (5th Cir. 1969); *Maryland & Virginia Milk Producers Association v. United States,* 90 U.S.App.D.C. 14, 193 F.2d 907 (1951).

■ Rule 42(b) provides that the court *may* dismiss an appeal on appellant's motion, notwithstanding the "terms" agreed upon by the parties or which could have been arranged by the court. Such language indicates that the court has discretion in deciding whether to dismiss an appeal on appellant's motion under Rule 42(b). Thus, circumstances may arise which demand, in the interests of justice, that this court deny appellant's motion to voluntarily dismiss. There has been no showing that such circumstances are present here, however, and we therefore need not further explore this discretionary area. *See generally Blue Mountain Construction Co. v. Werner,* 270 F.2d 305, 306 (9th Cir. 1959).

■ We therefore grant Hartford's motion under the provisions of Federal Rule of Appellate Procedure 42(b) for the voluntary dismissal of its appeal, and order Hartford to pay to United States Lines all reasonable costs and attorneys' fees incurred by United States Lines in the preparation and other legal work incidental to its defense against Hartford on this appeal.[2]

2. By granting Hartford's motion to voluntarily dismiss its appeal, we need not discuss United States Lines' assertion that the concurring negligence of the stevedore employer in causing the longshoreman's injuries should result in a *reduction,* rather than a *total denial,* of the stevedore's [here Hartford's] recovery of its compensation lien by the percentage of stevedore's negligence. Because this argument as to *reduction* was not raised in *Dodge v. Mitsui et al.,* No. 75–1442,, we did not consider it there. We believe, however, that our decision in *Dodge* is dispositive of the shipowner's claim here. 528 F.2d 669 (9th Cir. 1975).

The shipowner's contention is based on the premise that the employer's right of reimbursement is an equitable one. Being an equitable right, "[t]here is no equity in the principle that a stevedore should be allowed to enforce an unmitigated lien on a personal injury judgment which has been reduced because of the stevedore's concurrent negligence." *Croshaw v. Koninklijke Nedlloyd, B.V. Rijswijk,* 398 F.Supp. 1224, 1234 (D.Or.1975). Accordingly, the shipowner contends that the stevedore's lien should be reduced in proportion to its negligence.

Call the lien what we may, equitable or legal, the reduction of the stevedore's recovery

would simply be another form of contribution which the Act seeks to prohibit. The Supreme Court in *Pope & Talbot, Inc. v. Hawn,* 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (1953), held that even though the stevedore was concurrently negligent, it could still recover its compensation lien in full. The Court noted "reduction of [the shipowner's] liability at the expense of [the stevedore company] would be the substantial equivalent of contribution which we declined to require in the *Halcyon* case." 346 U.S. at 412, 74 S.Ct. at 206. In a recent case, the Second Circuit held that the rule stated in *Pope & Talbot* is still good law, *Landon v. Lief Hoegh and Co.,* 521 F.2d 756, 760 (2nd Cir. 1975).

If the employer pays the compensation without an award, then his lien is not under § 33(b) of the Act but is rather judicially created. *See Allen v. Texaco, Inc.,* 510 F.2d 977, 979–80 (5th Cir. 1975); *Fontana v. Pennsylvania R.R.,* 106 F.Supp. 461, 462–63 (S.D.N.Y. 1952), *aff'd sub nom., Fontana v. Grace Line, Inc.,* 205 F.2d 151 (2nd Cir.), *cert. denied,* 346 U.S. 886, 74 S.Ct. 137, 98 L.Ed. 390 (1953); *The Etna,* 138 F.2d 37, 41 (3rd Cir. 1943). This mode of recovery, however, should not alter the result that the employer may recover his compensation lien in full. *See Metropolitan Stevedore Co. v. Dampskisaktieselskabet International,* 274 F.2d 875 (9th Cir.), *cert. de-*

Next, we turn to the plaintiff Shellman's appeal. Shellman contends that the district court was in error when it reduced his damages from $15,485.00 to $4,645.50, due to the seventy percent concurring negligence of his stevedore employer. The principle which the district judge advanced in announcing his decision has become known as the *Shellman* Doctrine: The plaintiff's recovery will be reduced by the percentage of his own contributory negligence *plus* the percentage of the stevedore employer's concurring negligence. *See Croshaw v. Koninklijke Nedlloyd, B.V. Rijswijk*, 398 F.Supp. 1224 (D.Or.1975). This standard is somewhat similar to that advanced in *Murray v. United States*, 132 U.S.App. D.C. 91, 405 F.2d 1361 (1968), better known as the *Murray* Credit Doctrine, which states that where plaintiff's injuries are caused by the concurring negligence of the stevedore, he is entitled only to receive one-half of the damages from the negligent shipowner.

In support of the rule announced in *Shellman*, United States Lines argues (1) that the longshoreman's principal remedy under the Act is a liberal compensation program; (2) that he is entitled to sue the third party for negligence; and (3) that the legislative history indicates that "[t]he vessel will not be chargeable with the negligence of the stevedore or employees of the stevedore." 3 U.S.Code Cong. and Admin.News p. 4704 (1972). Hence, United States Lines asserts that it is only liable to the extent of its own negligence.

As additional authority, United States Lines cites *Croshaw v. Koninklijke Nedlloyd, B.V. Rijswijk,* 398 F.Supp. 1224 (D.Or.1975). Judge Skopil, upon reviewing the effect that the 1972 amendments have had on the Act, observed:

At first blush, then, the 1972 amendments seem to contain a "catch 22". Shipowners are not to be liable for negligence of the stevedore, the stevedore cannot be held liable for it either, but the injured plaintiff is entitled to damages for it. No explicit remedy for this paradox is provided by the Act. 398 F.Supp. at 1232.

Although Judge Skopil conformed his ruling to Chief Judge Belloni's decision in *Hubbard v. Great Pacific Shipping Co.*, 404 F.Supp. 1242 (D.Or.1975), holding that a vessel owner is not entitled to any offset in relation to the stevedore's concurring negligence, he suggested the better rule would be that "[t]he shipowner's liability [be] reduced by the percentage of the stevedore's negligence, as well as that of the plaintiff." 398 F.Supp. at 1233. Hence, Judge Skopil's suggestion is in agreement with Judge Real's ruling in *Shellman*.

Thus, it is clear that the Act's intent is to absolve the shipowner from liability for negligence on the part of the stevedore. But it is equally clear that the injured plaintiff is entitled to recover the full amount of his damages. Chief Judge Belloni's opinion in *Hubbard* is helpful:

The defendant-shipowner's two partial theories [*Murray* Credit and

---

*nied,* 363 U.S. 803, 80 S.Ct. 1237, 4 L.Ed.2d 1147 (1960). The purpose of this Act would be frustrated if a different result could be reached merely because the employer pays compensation without entry of a formal award. *See Louviere v. Shell Oil Company,* 509 F.2d 278, 283–84 (5th Cir. 1975). As stated by the Supreme Court, the shipowner is not entitled to contribution against the stevedore *Halcyon Lines v. Haenn Ship Corp.,* 342 U.S. 282, 284–85, 72 S.Ct. 277, 96 L.Ed. 318 (1952). Permitting him to retain such portion of the lien would be tantamount to contribution. *Pope & Talbot, Inc. v. Hawn,* 346 U.S. 406, 412, 74 S.Ct. 202, 98 L.Ed. 143 (1953). The

1972 amendments to the Act do not effect this result. *See Cooper Stevedoring Co. v. Kopke, Inc.,* 417 U.S. 106, 112–13 n. 6, 94 S.Ct. 2174, 40 L.Ed.2d 694 (1974). Contribution is still prohibited and any indirect method to accomplish the same result is also prohibited. *Landon v. Lief Hoegh and Co., Inc.,* 521 F.2d at 760 (2nd Cir. 1975). We therefore believe that the stevedore employer, even though concurrently negligent, has a right to reimbursement for its expenditures made under the Act regardless of whether it has paid the compensation under an award or has paid the amount without such an award.

*Shellman* ] would have the result of negating Congress' intent of eliminating direct or indirect third-party actions in longshoreman-injury cases as embodied in the 1972 Amendments to the Longshoremen's and Harbor Workers' Compensation Act. This is simply a case of *concurring* negligence of the defendant-shipowner and the Stevedore which, under a negligence theory, still entitles the plaintiff to a judgment against the defendant-shipowner in the *full* amount of his damages. 404 F.Supp. at 1244 (emphasis added)

Hence, the shipowner here is not charged with the negligence of the stevedore. Rather, because the shipowner's negligence was a concurring cause in producing the longshoreman's injuries, the shipowner is liable for the total of the plaintiff's damages.

We therefore reject both the *Murray* Credit and *Shellman* Doctrines because they are contrary to the weight of authority and because they impose unjustified burdens upon the injured longshoreman. The Second Circuit very recently considered this problem, observing: "We cannot agree that some negligence by the employer is enough to cut off the injured longshoreman's protected right to sue the ship for its own negligence." *Landon v. Lief Hoegh and Co., Inc.,* 521 F.2d 756, 763 (2nd Cir. 1975). The *Murray* Credit Doctrine has also been criticized by commentators. *See, e. g.,* Cohen & Dougherty, *The 1972 Amendments to the Longshoremen's and Harbor Workers' Compensation Act: An Opportunity for Equitable Uniformity in Tripartite Industrial Accident Litigation,* 19 N.Y.L.F. 587, 594 (1974).

Another important decision, rendered by a panel composed of three district judges, held that the recovery of an injured longshoreman against a negligent shipowner was not to be diminished by the concurring negligence of the stevedore employer. *Lucas v. "Brinkness" Schiffahrts Ges.,* 379 F.Supp. 759, 769 (E.D.Pa.1974). *In accord, Hubbard v. Great Pacific Shipping Co.,* 404 F.Supp. 1242 (D.Or.1975); *Solsvik v. Maremar*

*Compania Naviera, S.A.,* 399 F.Supp. 712 (W.D.Wash.1975).

In another recent case, *Santino v. Liberian Distance Transports, Inc.,* 405 F.Supp. 34 (W.D.Wash.1975), District Judge Voorhees agreed with the rationale of the *Lucas* court. In holding that an employee injured by the concurring negligence of the stevedore employer and the vessel owner can recover "the *total* of his damages from the shipowner," the court made the following remarks:

On its face it seems inequitable for a shipowner to be liable to an injured longshoreman for all of the latter's damages if the negligence of the shipowner was not the sole proximate cause of the injuries but rather concurred with the negligence of the stevedore employer. Particularly would this be true if the fault of the stevedore employer were much greater than that of the shipowner. Nevertheless, since the Longshoremen's and Harbor Workers' Act is a creature of Congress, it would in this Court's opinion be better for Congress to effect the elimination of any inequity than to have the various District Courts seek to remove that inequity by means which would unavoidably vary from district to district.

Permitting a shipowner to plead the negligence of the stevedore as an affirmative defense would not eliminate inequity. *It would shift the inequity from shipowner to injured longshoreman. He would be restricted in his recovery as against the shipowner without acquiring any offsetting rights under the Act as against the stevedore employer.* 405 F.Supp. at 35 (emphasis added).

We agree with this rationale. To reduce plaintiff Shellman's recovery here because of the concurring negligence of his stevedore employer, would simply shift the inequity from defendant United States Lines to Shellman. Furthermore, the Supreme Court clearly emphasized in *Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp.,* 342 U.S. 282, 286, 72

S.Ct. 277, 96 L.Ed. 318 (1952), that it is for Congress and not for the courts to create a solution to this problem. We therefore hold that a longshoreman who has received injuries caused by the concurring negligence of his stevedore employer and the shipowner can recover the full amount of his damages from the shipowner.

We therefore reverse the district court's reduction of plaintiff John Shellman's damages from $15,485.00 to $4,645.50, and, remand for the entry of judgment in favor of Shellman against United States Lines in the amount of $15,485.00.

With respect to Hartford's motion to voluntarily dismiss its appeal, as stated above, we grant that motion, and order counsel for appellee United States Lines to submit its bill of costs to the clerk of this Court within fourteen days, and appellant Hartford may file opposition thereto, within seven days thereafter. If no opposition is filed, costs are to be entered upon the mandate being issued to the lower court.