**Harold GUIDRY**

v.

**SOUTH LOUISIANA CONTRACTORS, INC., et al.**

**Civ. A. No. 75–0383.**

United States District Court, W. D. Louisiana, Lafayette Division.

Sept. 22, 1977.

---

Bob F. Wright, Domengeaux & Wright, Lafayette, La., for plaintiff.

John Jeansonne, Jr., Lafayette, La., for J. P. Messina Contractors, Inc. and Hartford Ins. Co.

John G. Torian, II, Lafayette, La., for South Louisiana Contractors, Inc. and Liberty Mutual Ins. Co.

## MEMORANDUM OPINION

W. EUGENE DAVIS, District Judge.

STATEMENT OF THE CASE.

This action was instituted by Harold J. Guidry against South Louisiana Contractors, Inc., (Soloco) and J. P. Messina Contractors, Inc., (Messina) for injuries sustained by plaintiff on August 1, 1972.

Prior to trial, Messina compromised with plaintiff for $75,000.00, waived its right to reimbursement for compensation benefits paid, and obtained a full release from plaintiff from all Jones Act and other liability. The case proceeded to trial against Soloco which resulted in a jury finding in favor of plaintiff and against Soloco. Plaintiff's damages were assessed at $150,000.00, subject to a reduction for plaintiff's contributory negligence, to the extent of 9.6%.

The issues remaining for decision are:

1) Is Soloco entitled to reduce the amount of the judgment in favor of plaintiff as a result of either Messina's fault or the settlement between plaintiff and Messina?

2) The claim of Messina against Soloco for recovery of the $75,000.00 settlement sum paid by it to plaintiff.

3) The claim of Soloco against Messina for indemnity for whatever sums plaintiff ultimately recovers from Soloco.

## BACKGROUND

Soloco was the owner of a dredge the MR. BILL. Plaintiff was regularly employed as a cook aboard that dredge for more than a year prior to the accident.

Messina was a land-based contractor engaged in, among other things, dirt excavation work.

Some time prior to August, 1972, Messina entered into a contract to perform dirt excavation and the preparation of sludge pits several hundred yards from the Mississippi River near St. Francisville, Louisiana.

Messina entered into negotiations with Soloco to provide earth moving equipment and operators to assist in that project. The negotiations culminated in an arrangement whereby the dredge MR. BILL was to be moved up the Mississippi River adjacent to the Messina work site. Thereafter, the dragline, which formed a part of the vessel's equipment, was to be moved ashore from the dredge to the Messina work site and utilized in the earth moving work which Messina had undertaken.

Plaintiff learned from his captain, Larry Hebert, that Hebert planned to operate the Soloco-owned dragline at the Messina jobsite. He also learned that the position of oiler was available on the Soloco dragline Captain Hebert had been assigned to operate. This position as oiler demanded a substantially higher rate of pay than plaintiff was accustomed to receiving as cook aboard the dredge and he applied for and received the position as oiler on the dragline.

It was anticipated that the Messina project would last approximately two months.

The accident occurred approximately two weeks after plaintiff commenced his new job assignment on the Messina project.

Just before plaintiff's accident occurred, the load line on the dragline came out of a sheave and became fouled in a portion of the boom. Plaintiff walked out on the boom while it was in a raised operating position to free the line. During the course of this operation, plaintiff fell from the boom of the dragline some 15 feet to the

ground. The principal claim of negligence made by the plaintiff (which was apparently accepted by the jury) was that Larry Hebert, the dredge captain and dragline operator, should have lowered the boom to the ground instead of permitting plaintiff to attempt to walk out on the boom while the boom was in a raised position.

The preliminary factual questions raised at the trial were: a) whether at the time of his injury plaintiff was a member of the crew of a vessel; and b) who was plaintiff's employer?

## SEAMAN STATUS

■ It was undisputed that until approximately two weeks prior to the accident plaintiff had been a cook and member of the crew of the dredge MR. BILL.

The evidence adduced at the trial clearly showed that plaintiff's connection with the MR. BILL during the two week period immediately preceding the accident was tenuous and insubstantial. Although the dredge was moored in the Mississippi River several hundred yards from the work site, plaintiff had no significant duties aboard that dredge during the time he worked on the Messina project. Plaintiff made sandwiches and ate aboard the dredge on two or three occasions. Other than that, his only connection with the dredge was to board the vessel occasionally to obtain small hand tools and supplies needed in connection with the operation of the dragline.

■ After hearing all of the evidence, I concluded that plaintiff's connection with the MR. BILL during the approximate two week period immediately preceding the accident was so casual and insignificant as to give rise to no jury question as to plaintiff's seaman status after he commenced work on the Messina project. I further concluded that as to plaintiff's Jones Act claim against Messina, plaintiff's duties aboard the dredge as a regular crewmember prior to his assignment to the Messina job were irrelevant. I then took from the jury the question of seaman status as to plaintiff vis-a-vis Messina and held that insofar as

plaintiff's relationship with Messina was concerned, plaintiff was not a member of the crew of a vessel as a matter of law.[1]

■ We concluded, however, that as to the plaintiff's Jones Act claim against Soloco the jury was entitled to consider plaintiff's relationship with the MR. BILL prior to his assignment to the Messina job. We based this finding primarily on the language in *Higginbotham v. Mobil Oil Corp.*, 545 F.2d 422, 433 (5th Cir. 1977) in which the Court stated:

> "Although it is true that a worker does not forever remain a seaman solely by virtue of having once been one, see *Desper v. Starved Rock Ferry Co.*, 1952, 342 U.S. 187, 72 S.Ct. 216, 96 L.Ed. 205, it does not follow that a seaman automatically loses his status when he is temporarily assigned by his employer to duties off the vessel."

We concluded that the only factual question presented as to plaintiff's seaman status vis-a-vis Soloco was whether plaintiff's assignment by Soloco to perform the work on land for Messina was temporary in nature and whether it was intended that plaintiff would return to work on the dredge MR. BILL at the conclusion of the shoreside work. This question was presented to the jury as follows:

> "Was plaintiff, Guidry, temporarily assigned by Soloco to perform work on land with the intention that Guidry would return to work on the dredge MR. BILL at the conclusion of the shoreside work? Answer: Yes."

## WAS SOLOCO THE JONES ACT EMPLOYER OF PLAINTIFF?

The remaining preliminary question was whether Soloco was the Jones Act employer of plaintiff.

■ As indicated above, plaintiff had been a regular employee of Soloco for over a year immediately prior to commencement of the Messina job. While on the Messina job, plaintiff was under the direct supervision of Larry Hebert, his dredge captain. Plaintiff's salary was paid by Messina; all wage withholdings were made by Messina and plaintiff was covered by Messina's workmen's compensation insurance policy. The initial agreement between Soloco and Messina had provided that Soloco would pay plaintiff his regular wages earned on the dredge and Messina would pay an additional sum, represented by the difference between the dredge salary and the rate established by the labor union for an oiler. Because of Messina's union contracts, it became desirable for Messina to pay the entire wage and Soloco decreased its original contract price by the amount of wages it would normally have paid Guidry had he worked aboard the dredge. Larry Hebert, plaintiff's immediate superior, both on the dredge and on the Messina job, received the union rate for dragline operator and in addition received directly from Soloco his regular salary as dredge captain. The actual dirt excavation work was supervised by Messina personnel. Larry Hebert, the dragline operator, was the top ranking Soloco employee on the Messina job. The job superintendent for Messina directed and controlled Hebert and Guidry in connection with the performance of their work for Messina.

Under these circumstances, I concluded that plaintiff was the borrowed employee of Messina. I further concluded that under the recent Fifth Circuit case of *Spinks v. Chevron Oil Company*, 507 F.2d 216 (1975), the fact that plaintiff was the borrowed employee of Messina did not prevent plaintiff from retaining his status as an employ-

---

1. This ruling, of course, did not affect plaintiff's claim against Messina; that claim had been released as a result of the settlement. It was my intention initially to let the jury decide whether Messina was at fault and to apportion the fault between Messina and Soloco. I planned to reduce the amount of any judgment rendered against Soloco to the extent Messina's fault contributed to the accident. After deciding, as a matter of law, that plaintiff was not a seaman as to Messina, and that plaintiff's remedy against Messina was limited to a claim under the Louisiana Workmen's Compensation Act, I concluded that it was unnecessary to require a jury finding as to Messina's fault.

ee of Soloco. The Fifth Circuit in *Spinks* indicated (at page 225, footnote 15) that a shipowner must completely divest himself of control, as in a bareboat charter, to avoid being a seaman's employer. We, therefore, posed the question to the jury:

"Do you find that Soloco completely divested itself of control over plaintiff, Guidry, and Larry Hebert in connection with the land work being performed by them on the dirt excavation job during the two to three weeks preceding the accident?"

The jury answered in the negative as to both plaintiff and Larry Hebert.[2]

Following the jury's response to the above preliminary questions, it then proceeded to find that Soloco was guilty of negligence which caused plaintiff's injuries, that Guidry was contributorily negligent to the extent of 9.6%, and fixed damages at $150,000.00.

IS SOLOCO ENTITLED TO REDUCE THE AMOUNT OF PLAINTIFF'S JUDGMENT AGAINST IT EITHER BECAUSE OF MESSINA'S FAULT OR AS A RESULT OF THE SETTLEMENT BETWEEN PLAINTIFF AND MESSINA?

Soloco argues that it is entitled to dollar for dollar credit against the judgment for all amounts paid to plaintiff by Messina. The law as it presently exists in the Fifth Circuit supports this position. *See Billiot v. Sewart Seacraft, Inc.*, 382 F.2d 662 (5th Cir. 1967); *Loffland Brothers Co. v. Huckabee*, 373 F.2d 528 (5th Cir. 1967); *Cates v. U. S.*, 308 F.Supp. 199 (S.D.Fla.1969), modified 451 F.2d 411 (5th Cir. 1971).

However, as Judge Hunter of this Court pointed out in *Leger v. Drilling Well Control, Inc.*, 69 FRD 358 (W.D.La.1976), these cases were decided prior to the U. S. Supreme Court decision of *Cooper Stevedoring Co. v. Fritz Kopke, Inc.*, 417 U.S. 106, 94 S.Ct. 2174, 40 L.Ed.2d 694 (1974). Prior to *Kopke*, contribution was not recognized in non-collision maritime cases.

Judge Hunter in *Leger* held that in view of the *Kopke* decision the following principles should serve as a guide in determining whether a credit should be allowed:

"Where there are two or more defendants (alleged joint tortfeasors), and the plaintiff settles with and grants a release as to one or more of them, reserving his rights against the remaining, the settling defendants are relieved of any further liability to the plaintiff.

"When two or more parties have contributed by their fault to cause injury to another, the liability for such damage is to be allocated among the parties proportionately to the comparative degree of their fault.

"A tortfeasor seeking to assert a reduction by the degree of fault of alleged joint tortfeasors must prove by a preponderance of the evidence that the settling defendant was in fact, at fault."

Under the factual finding made here, Messina was a joint employer of the plaintiff. Since plaintiff lacked seaman status as to Messina, Messina's liability to plaintiff is governed by the Louisiana Workmen's Compensation Act. The Louisiana Workmen's Compensation Act provides a shield to Messina which protects it against tort liability to plaintiff. (La.R.S. 23:1032). The shield afforded by the Louisiana Workmen's Compensation Act also protects Messina from the claim of contribution asserted by Soloco.[3]

I conclude that:

1) Messina is shielded by the Louisiana Workmen's Compensation Act from liability

---

**2.** With respect to Larry Hebert, our reading of *Spinks* suggested that Hebert was in the same position as was Hanks in the *Spinks* decision. The Fifth Circuit in *Spinks* assumes without any discussion that Labor Services was vicariously responsible for the acts of Hanks, Spinks' supervisor, and Walker, Spinks' co-worker. *See Spinks* at page 223.

**3.** *Hebert v. Blankenship*, 187 So.2d 798 (La. App. 3rd Cir. 1966). The employer covered by the Longshoremen's & Harbor Workers' Compensation Act enjoys the same immunity from a contribution claim asserted by a third party tortfeasor who has been cast for injuries to an employee. *Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp.*, 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318 (1952); *Cooper Stevedoring Co. v. Fritz Kopke, Inc.*, 417 U.S. 106, 94 S.Ct. 2174, 40 L.Ed.2d 694 (1974). *See also* 53 A.L. R.2d 977.

both as to plaintiff's tort claim and as to Soloco's contribution claim.

2) Since Messina and Soloco were not jointly liable to the plaintiff for the injuries suffered in this accident, they were not joint tortfeasors.

3) Plaintiff's release of Messina did not operate to the prejudice of Soloco in asserting its claim for contribution against Messina.

4) No credit can be allowed to Soloco on account of the settlement between plaintiff and Messina.[4]

There is a split among the circuits as to whether a third party tortfeasor is entitled to reduce the judgment rendered against it and in favor of an employee where negligence of the plaintiff's employer (who is protected from a claim for contribution under an applicable compensation statute) contributed to the accident.

Two circuits have squarely held that a third party tortfeasor, whose negligence combines with the negligence of the plaintiff's employer to cause the injury, is entitled to reduce the judgment rendered in favor of the employee by an amount equal to the proportion of fault attributed to the plaintiff's employer.[5]

The Ninth Circuit, in *Shellman v. United States Lines, Inc.*, 528 F.2d 675 (9th Cir. 1975), rejected a reduction on this basis.[6]

The Fifth Circuit has not been presented with this question.[7]

■ Based upon the reasoning of *Shellman*, we elect to deny a credit to Soloco on account of the contributing negligence of Messina.

In the event the Court of Appeals disagrees with our holding, we deem it advisable to make further factual findings under Rule 49(a).

In this connection, I find that Messina and Soloco were jointly responsible for the negligent acts of Hebert. After a reduction for plaintiff's negligence (9.6%), Soloco and Messina, by virtue of their joint vicarious responsibility for the acts of Hebert, were equally at fault for plaintiff's accident.

## THE INDEMNITY CLAIMS OF MESSINA AND SOLOCO

Messina seeks to recover from Soloco the $75,000.00 settlement sum which it paid to

4. The majority of the jurisdictions which have passed on this question have required the remaining defendant to establish that the settling defendant was a joint tortfeasor before giving the remaining defendant any credit on account of the earlier settlement between plaintiff and settling defendant. *See, e. g., Uniform Contribution Among Tortfeasors Act* § 4 (1955).

A few jurisdictions have permitted a third party tortfeasor to pierce the compensation shield and obtain contribution from the employer. *Dole v. Dow Chemical Co.*, 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E.2d 288 (1972); *Trail Builders Supply Co. v. Reagan*, 235 So.2d 482 (Fla.1970); *Hendrickson v. Minnesota Power & Light Co.*, 258 Minn. 368, 104 N.W.2d 843 (1960). *See also, Davis, Third-Party Tortfeasors' Rights Where Compensation-Covered Employers are Negligent*, 4 Hofstra Law Review 571 (1976).

5. *Murray v. United States*, 132 U.S.App.D.C. 91, 405 F.2d 1361 (1968); *Edmonds v. Compagnie Generale Transatlantique*, 558 F.2d 186, 1977 A.M.C. 553 (4th Cir. 1977).

6. The district courts which have considered the question are also divided.

The following cases favor a reduction of the judgment to take into account the negligence of

the employer: *Croshaw v. Koninklijke Nedlloyd, B. V. Rijswijk*, 398 F.Supp. 1224 (D.Or. 1975) [accepting credit in theory but declining to apply it because of contrary precedent]; *Frasca v. Prudential-Grace Lines, Inc.*, 394 F.Supp. 1092 (D.Md.1975); *Shellman v. United States Lines, Inc.*, 175 A.M.C. 362 (C.D.Cal. 1974), reversed 528 F.2d 675 (9th Cir. 1975).

The following cases follow the Ninth Circuit and reject the reduction: *Santino v. Liberian Distance Transports, Inc.*, 405 F.Supp. 34 (W.D.Wash.1975); *Hubbard v. Great Pacific Shipping Co.*, 404 F.Supp. 1242 (D.Or.1975); *Lucas v. "Brinknes" Schiffahrts Ges. Franz Lange, G. m. B. H. & Co.*, 379 F.Supp. 759 (E.D.Pa.1974) [three judge panel].

7. However, see *Albert v. Paulo*, 552 F.2d 1139 (5th Cir. 1977), in which the court rejected the contention of the shipowner that the claim of the employer for compensation benefits paid should be reduced because of concurrent negligence of the employer.

This holding is more consistent with *Shellman* than with *Murray* and leads me to believe the Fifth Circuit is more likely to follow the *Shellman* reasoning.

plaintiff. Messina argues that in view of this Court's ruling, Messina was exonerated and it should recover from Soloco the amount it expended to the plaintiff because Soloco was found solely liable to the plaintiff. Messina relies principally on *Wisconsin Barge Line, Inc. v. The Barge Chem 300*, 546 F.2d 1125 (5th Cir. 1977). In that case, Wisconsin, the Jones Act employer, was sued in Illinois state court by its employee for injuries sustained while in the service of the vessel. Wisconsin was the only party defendant named in that Illinois state court action. Wisconsin compromised that suit and obtained a general release from the plaintiff. Wisconsin then instituted suit in federal court against Two Twenty-Eight, a wharfinger who allegedly allowed barges to drift loose and collide with Wisconsin's vessel and cause the injured seaman's injuries.

The court found that the accident was caused solely through the negligence of Two Twenty-Eight. The court found that despite the fact that Wisconsin was free of fault it had made a reasonable settlement with the injured seaman and had discharged a duty owed to the plaintiff by Wisconsin but that the duty should have been discharged by Two Twenty-Eight. The Fifth Circuit's opinion was bottomed principally upon Section 76 of the Restatement of Restitution, which allows one who pays the debt of another to recover indemnity from the party who rightfully owed the debt.

■ *Wisconsin Barge Line* does not support Messina's claim for indemnification against Soloco.

Under our decision here, Soloco was not given a credit for the sum paid to plaintiff by Messina. Soloco, therefore, will be responsible for paying the entire judgment obtained by the plaintiff. Under these circumstances, it cannot be seriously urged that the sum paid to plaintiff by Messina represented a payment of a portion of Soloco's debt to this plaintiff.

Also, under our factual findings, Messina, though shielded from tort liability by virtue of the exclusivity provisions of the Compensation Act, was nevertheless at fault in the accident to the same extent as was Soloco. This fault precludes Messina from recovering indemnification from Soloco.

The legal question of whether plaintiff was a member of the crew of a vessel vis-a-vis Messina was a close one. Messina elected to buy its peace in the form of a complete release from the plaintiff rather than stand the risk of trial.[8]

Accordingly, the claim of Messina for indemnification is denied.

■ I likewise deny the claim for indemnification asserted by Soloco. Messina is protected from a claim for tort indemnity by the provisions of the Louisiana Workmen's Compensation Act. The same result would flow even if Messina were not protected by the compensation shield. The accident was caused in substantial part by the active negligence of Soloco.

Plaintiff's counsel is directed to submit, within 10 days, a formal judgment in accordance with this opinion.

**8.** For the benefit of the Court of Appeals, I freely acknowledge that Messina filed and argued two motions for summary judgment on this very question prior to trial. In denying Messina's motion, I indicated to counsel that I felt the same legal test of status applied to both Messina and Soloco. After further consideration, particularly a close review of the *Higginbotham* decision, I concluded that my earlier statement of the law given in support of the denial of Messina's motion was erroneous.