Lance E. **FARR**, Plaintiff–Appellant,

v.

**NC MACHINERY CO.**, a Washington corporation, Defendant–Appellee.

No. 97–36021.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 2, 1999.

Decided Aug. 6, 1999.

Jerome C. Scowcroft (briefed), Schwabe, Williamson & Wyatt, Paul N. Diagle (argued), Holmes, Weddle & Barcott, for plaintiff-appellant.

Matthew C. Crane (briefed), Thomas G. Johnson (argued), Bauer, Moynihan & Johnson, Seattle, Washington, for defendant-appellee.

Before: ALARCON, RYMER, and KLEINFELD, Circuit Judges.

Opinion by Judge KLEINFELD; Dissent by Judge RYMER.

KLEINFELD, Circuit Judge:

This is an admiralty case involving comparative negligence and superseding intervening cause.

## FACT

Captain Farr, the master of a fishing vessel, hired NC Machinery to repair an engine. The job was done in Dutch Harbor, Alaska, a busy place during the fishing season, so NC agreed to send a mechanic provided that the ship's crew would furnish necessary assistance. Though the crew and captain assisted, NC's mechanic directed them.

NC's mechanic tried to lift the engine out of the vessel through a hatch, using a

single contact with the engine to bear the half ton of weight. The contact was a bolt screwed a little over half an inch into a threaded opening on the engine. The engine had to be guided up from below as it went through the tight space. Captain Farr was at the bottom of the stairs, making sure the engine did not get hung up, and making sure it did not hit the vessel's alarm panel. When the engine was about six feet in the air, the bolt sheared, and the engine fell from the cable. It seriously injured Captain Farr, who was below and adjacent to it guiding it up. It hit him in the face, knocking out a tooth, broke a rib, bruised his thigh, and crushed his foot.

Captain Farr sued NC Machinery in admiralty for negligence. His theory was that NC's mechanic should have used a safer means of lifting the engine, such as a second lift point or safety harness around the engine. The district judge tried the case, and rendered judgment in favor of NC Machinery. The district judge made no finding about why the bolt had pulled out of the engine, which had been the subject of extensive expert witness testimony on both sides. He determined that he did not have to make any findings about the negligence if any of NC Machinery "because I find that plaintiff's actions in stepping immediately adjacent to the engine block while it was being lifted could not have been anticipated and were the sole proximate cause of the accident." Captain Farr appeals.

## ANALYSIS

The district judge decided against Captain Farr based on the doctrine of superseding intervening cause. In his findings of fact, he found that Captain Farr's "actions in stepping immediately adjacent to the engine block while it was being lifted could not have been anticipated and were the sole proximate cause of the accident." In his conclusions of law, the district judge held that Captain Farr's actions "were the sole cause of his injuries" under the recent Supreme Court decision in *Exxon Company v. Sofec, Inc.*, 517 U.S. 830, 116 S.Ct. 1813, 135 L.Ed.2d 113 (1996).

■ But for the way the engine was lifted out of the ship, the accident would not have occurred, and if negligence in the means used allowed the engine to fall, that negligence was a substantial factor in causing the accident, so causation in fact was established.[1] The doctrine of assumption of the risk does not apply in admiralty, and "contributory negligence, however gross, is not a bar to recovery but only mitigates damages."[2]

■ *Exxon Co. v. Sofec, Inc.*[3] holds that recovery was barred by the plaintiff's own conduct as superseding intervening cause. We therefore understand the district judge to mean that Captain Farr's conduct in standing below the engine adjacent to where it would fall was a superseding intervening cause that made it unnecessary to decide whether NC Machinery's mechanic was negligent, or to apportion damages according to the relative degrees of NC Machinery's fault and Captain Farr's own failure to exercise reasonable care for his own safety.

In *Sofec*, an Exxon oil tanker broke free of a mooring system manufactured by Sofec. After it broke free, the captain struggled for almost three hours to deal with the problem, but neglected to have anyone plot where the ship was. Because he did not know where he was, the captain ran the ship onto a reef. Exxon sued the manufacturer of the mooring system for the damage to its vessel from being run up on the reef. It lost, at trial and in the

---

1. *See* Judge T.G. Nelson's thoughtful concurrence in *Sementilli v. Trinidad Corp.*, 155 F.3d 1130, 1135–1141 (9th Cir.1998), on this and the other causation questions at issue.

2. *Socony–Vacuum Oil Co. v. Smith*, 305 U.S. 424, 431, 59 S.Ct. 262, 83 L.Ed. 265 (1939);

*Pan–Alaska, Etc. v. Marine Construction and Design Co.*, 565 F.2d 1129 (9th Cir.1977).

3. *Exxon Co. v. Sofec, Inc.*, 517 U.S. 830, 116 S.Ct. 1813, 135 L.Ed.2d 113 (1996).

Supreme Court, on the theory that the captain's negligence was a superseding intervening cause that prevented the manufacturing defect if any from being the proximate cause of the accident.

Exxon argued in the Supreme Court that superseding intervening cause doctrine does not apply in admiralty. Its theory was that because *United States v. Reliable Transfer Co.* held that liability for damages "is to be allocated among the parties proportionately to the comparative degree of fault,"[4] superseding cause doctrine must have been implicitly abolished in admiralty as inconsistent with this principle. The Court rejected this argument, and held that superseding intervening cause doctrine does apply in admiralty. The doctrine relates to proximate cause, not allocation of damages. Superseding intervening cause doctrine and pure comparative negligence are not inconsistent with each other, because "a later cause of independent origin that was not foreseeable" cuts off the proximate causation of the defendant's negligence.[5]

*Sofec* says that in ruling upon proximate cause and superseding intervening cause, admiralty courts "may draw guidance from, *inter alia,* the extensive body of state law applying proximate causation requirements and from treatises and other scholarly sources," as " 'illustrations of situations which judicious men upon careful consideration have adjudged to be on one side of the line or the other.' "[6] *Sofec* was a claim against a manufacturer for a product defect. The Court noted that because

the breach of warranty claim against the manufacturer was contractual, foreseeability doctrine "may be more stringent" than in tort, and the limited review of application of law to fact did not justify reversal of the superseding intervening cause finding.

■ In the case at bar, the district court erred in its application of *Sofec.* The trial judge found that Captain Farr was negligent, that is, that he failed to exercise reasonable care for his own safety, by stepping into a position immediately adjacent to the engine when it apparently snagged on something. We do not set aside that finding as clearly erroneous. But as a matter of law, Captain Farr's failure to exercise reasonable care for his own safety cannot in this case be a superseding intervening cause.[7]

■ One reason that Captain Farr's stepping adjacent to the engine as it was being hoisted cannot be a superseding intervening cause is that it did not happen subsequent to NC's mechanic's negligence, but at the same time. A superseding cause generally has to happen after the negligence of the defendant. *Sofec* describes superseding intervening cause as "a later cause of independent origin that was not foreseeable."[8] The word "later" means that the superseding intervening cause has to occur after the defendant's negligence. The Restatement likewise says that the defendant's negligence, to be cut off as a proximate cause by a supersed-

---

4. *United States v. Reliable Transfer Co.,* 421 U.S. 397, 411, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975). *See also Shellman v. United States Lines, Inc.,* 528 F.2d 675 (9th Cir.1975).

5. *Sofec,* 517 U.S. at 837, 116 S.Ct. 1813.

6. *Sofec,* 517 U.S. at 839, 116 S.Ct. 1813.

7. We agree with Judge Rymer that our review is "limited," *Sofec,* 517 U.S. at 841, 116 S.Ct. 1813, and that we review the district court's proximate cause determination "under the clearly erroneous standard." *Exxon Co. v. Sofec, Inc.,* 54 F.3d 570, 576 (9th Cir.1995), *aff'd* 517 U.S. 830, 116 S.Ct. 1813, 135

L.Ed.2d 113 (1996). But that does not mean no review at all. A correct reading of the doctrine of superseding intervening cause does not allow for what the district court stated as a conclusion of law (rather than finding of fact) that "[p]laintiff's actions were the sole cause of his injuries," which its citation of the superseding intervening cause decision in *Sofec* showed was based on superseding intervening cause. Because of a misapprehension of the law, the district court clearly erred in treating Captain Farr's failure to exercise care for his own safety as a superseding intervening cause.

8. *Sofec,* 517 U.S. at 837, 116 S.Ct. 1813.

ing intervening cause, has to be "antecedent" to the superseding intervening cause. "A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his *antecedent* negligence is a substantial factor in bringing about."[9] "An intervening force is one which actively operates in producing harm to another *after* the actor's negligent act or omission has been committed."[10] In the classic academic formulation, a superseding intervening cause "is a force which is neither operating in the defendant's presence, *nor* at the place where the defendant's act takes effect *at the time of the defendant's act,* but comes into effective operation at or before the time of the damage."[11] Though there are exceptions to this chronological requirement,[12] it is in most cases significant, because the doctrine of superseding intervening cause is at bottom an expression of the requirement of foreseeability.[13] A defendant's power of foresight necessarily embraces what he can see with his own eyes as he acts. NC's mechanic could foresee that Captain Farr would be below and adjacent to the engine, because he actually saw him there as he raised the engine.

The Restatement lists a number of "Considerations Important in Determining Whether an Intervening Force is a Superseding Cause."[14] Every one of these considerations cuts against treating Captain Farr's negligence as a superseding intervening cause. The harm that occurred was not "different in kind" from what the mechanic's negligence would otherwise have caused.[15] It was the same harm, that the engine might fall on somebody and hurt him if the single bolt holding the cable on failed. There was nothing "extraordinary" about what happened; it was just what might be expected of an inadequately careful hoisting method, that the load might fall and someone might be standing too close to it and get hurt.[16] The intervening force was not "operating independently" of the risk created by the hoisting technique; they operated together.[17] The operation of the intervening force was not caused by a "third person's act," but by the victim's act.[18] The intervening force was not "wrongful," but merely a failure of the victim to exercise rea-

---

9. Restatement (Second) of Torts § 440 (emphasis added).

10. Restatement (Second) of Torts § 441(1) (emphasis added).

11. McLaughlin, Proximate Cause, 39 Harv. L.Rev. 149, 159 (1925) (emphasis added).

12. *See* Restatement (Second) of Torts § 441 cmt. a.

13. Robert E. Keeton, Legal Cause In the Law of Torts 38–41 (1963).

14. Considerations Important in Determining Whether an Intervening Force is a Superseding Cause

The following considerations are of importance in determining whether an intervening force is a superseding cause of harm to another:

(a) the fact that its intervention brings about harm different in kind from that which would otherwise have resulted from the actor's negligence;

(b) the fact that its operation or the consequences thereof appear after the event to be extraordinary rather than normal in view of the circumstances existing at the time of its operation;

(c) the fact that the intervening force is operating independently of any situation created by the actor's negligence, or, on the other hand, is or is not a normal result of such a situation;

(d) the fact that the operation of the intervening force is due to a third person's act or to his failure to act;

(e) the fact that the intervening force is due to an act of a third person which is wrongful toward the other and as such subjects the third person to liability to him;

(f) the degree of culpability of a wrongful act of a third person which sets the intervening force in motion."

Restatement (Second) of Torts § 442.

15. Restatement (Second) of Torts § 442(a).

16. Restatement (Second) of Torts § 442(b).

17. Restatement (Second) of Torts § 442(c).

18. Restatement (Second) of Torts § 442(d).

sonable care for his own safety.[19] There was no "culpability of a wrongful act of a third person," both because there was no wrongful act and because Captain Farr was not a third person to the occurrence.[20]

Two of the illustrations in the Restatement bear some similarity to the case at bar. If the defendant negligently leaves an unprotected excavation on the sidewalk, and a person falls into it and gets hurt, the defendant is not screened from liability because another passerby negligently bumped the victim into it.[21] And if the defendant negligently stacks a load on his truck so that a slight jolt will make it fall, and it falls on someone and hurts him, the defendant is not screened because a boy tried to climb on the truck and disturbed the load.[22] In both cases, the intervening occurrence is foreseeable and the risk that materialized was the one threatened by the negligence, as in the case at bar. In both there is no superseding intervening cause. Likewise, where rafters from a partially constructed building fell on workers during a strong wind because the contractor failed to brace them, the wind could not be a superseding intervening cause because "[t]he very risk that is sought to be averted by bracing the bays first is collapse due to wind."[23]

In the case at bar, the very risk to be averted by a safer means of hoisting the engine was that someone standing close to it might be hurt if the bolt gave way. It was foreseeable (and not only foreseeable but seeable—the mechanic saw where Captain Farr was and continued hoisting the engine without telling him to get out of there) that someone might be standing close to it. Indeed, the NC mechanic testified that the harm and the way it materialized was not only foreseeable but that he foresaw it. He said, of guiding the engine out of the hatch, "Somebody has to watch and make sure it doesn't hang up, hook on

something, damage something." Asked if he had anticipated that someone would have to "stand close enough to this engine to put your hands on it and guide it out," he said "Yeah, from the bottom and the top both." In these circumstances, that Captain Farr did stand close enough to the engine, below it, to guide it out and assure that it was not breaking the vessel's alarm panel, could not be a superseding intervening cause. The district judge's conclusion of law to the contrary was erroneous as a matter of law.

■ Nor was the error harmless. Had the district court reached the question of whether there was any negligence by NC's mechanic, there was evidence from which he could have found that there was. An expert witness with substantial personal experience as well as academic knowledge testified that it is a bad idea to use a single lifting point for a cast iron block engine, because there is no way to know the strength of the material and no margin for error. He testified that in every case where he had looked at an engine being hoisted, there was a bridle or sling underneath it, or else multiple attachment points for the lifting apparatus. Another witness, experienced in lifting marine engines, testified that the salt water tends to corrode the cast iron of the blocks, so two attachment points for picking up the engine are "absolutely required." After Captain Farr went to the hospital, and the mechanic again hoisted the engine, this time successfully, the mechanic put a strap around the flywheel, as well as a bolt in a different hole, which proves that it was possible to use multiple lifting points, and to attach a safety strap as well as a bolt. Plaintiff also introduced evidence that the bolt hole that failed showed wear, and that even had it been in perfect condition it would have

---

19. Restatement (Second) of Torts § 442(e).

20. Restatement (Second) of Torts § 442(f).

21. Restatement (Second) of Torts § 442 B cmt. b, illus. 5.

22. Restatement (Second) of Torts § 447 cmt. a, illus. 1.

23. *Young v. Environmental Air Products, Inc.,* 136 Ariz. 206, 665 P.2d 88, 94–95 (1982).

had only just enough strength to hold the weight of the engine.

Plaintiff also argues that there was negligence per se because of violation of the OSHA safe place to work requirement, but this argument is without force because the regulation only applies to employers with respect to their employees, not to non-employment relationships such as NC's to Captain Farr.[24] Plaintiff also argues that the stripped threads on the bolt hole made negligence of NC's mechanic *res ipsa loquitur,* but that cannot be so, because sometimes parts fail without any negligence by a person working with them. But plaintiff does not need either of these arguments to establish negligence on the part of the mechanic.

Because the district judge did not make findings on the existence and proportion of NC's negligence, we vacate the judgment and remand so that he can do so, and make such additional findings on damages as may be necessary.[25] Costs in favor of plaintiff-appellant.

VACATED AND REMANDED.

RYMER, Circuit Judge, dissenting:

I part company because our review of whether Captain Farr's negligence was a superseding intervening cause should be for clear error, not de novo as the majority appears to assume. "A district court's findings of negligence, including issues of proximate cause, are reviewed under the clearly erroneous standard." *Exxon Co. v. Sofec, Inc.,* 54 F.3d 570, 576 (9th Cir.1995), *aff'd,* 517 U.S. 830, 116 S.Ct. 1813, 135 L.Ed.2d 113 (1996). As the Supreme Court emphasized, "[t]he issues of proximate causation and superceding cause involve application of law to fact, which is left to the factfinder, subject to limited review." *Exxon,* 517 U.S. at 840–41, 116 S.Ct. 1813. Simply because we might apply the Restatement factors for determining "superseding intervening cause" differently to the facts does not mean that the

district court erred as a "matter of law." *See ante* at 1168, 1170.

Following a two day bench trial the district court found that "Farr's actions in stepping immediately adjacent to the engine block while it was being lifted could not have been anticipated and were the sole proximate cause of the accident." This finding was based on evidence that, for one reason (*e.g.,* he feared the engine would smash the nearby alarm panel) or another (*e.g.,* he thought the engine was "caught up" on the engine room ladder), Captain Farr disregarded both his years of training and his common sense by purposefully stepping dangerously close to the swinging engine. He did this without alerting either Buno (the NC mechanic, who had turned to retrieve his tools) or his engineer, Graybeal, who was operating the overhead hoist on the deck above. Because doing so ran counter to training, and was out of the ordinary, I don't see how we can say as a matter of law that there was nothing "extraordinary" about what happened. Rather, it seems to me, the district court who heard the evidence was within its discretion in determining that Farr's sudden relocation to within the fall radius of the suspended engine block was not "normal" or "reasonably foreseeable." *See Hunley v. Ace Maritime Corp.,* 927 F.2d 493, 497 (9th Cir.1991) (holding a negligent intervening action supersedes prior negligence where the latter action is "neither normal nor reasonably foreseeable").

I would, therefore, affirm.

---

**24.** 29 U.S.C. § 654(a)(1); 29 C.F.R. § 1915.3(a).

**25.** *Irish v. United States,* 225 F.2d 3 (9th Cir. 1955).